# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NORRIS E. PEGUES,

    Plaintiff,

    v.                                                                                               Case No. 12-CV-17

FRANCIS C. SPRINGOB,
JAMES BRUNO, and
CITY OF GREENFIELD,

    Defendants.

# DECISION AND ORDER

The plaintiff, Norris E. Pegues, filed this pro se action under 42 U.S.C. § 1983, alleging violations of his constitutional rights when he was a detainee at the Milwaukee County Jail between October 7, 2005, and January 3, 2006. He states that the defendants "employed unfair procedures in order to restrict and remove ownership of his 2000 Cadillac DeVille." (Screening Order dated January 26, 2012, at 4). The plaintiff also contends that the defendants "prosecuted the civil forfeiture action against him because he is a single, physically disabled, black male who invoked his right to defend himself against criminal charges . . . ." Id. The plaintiff's claims implicate his rights under the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment. See id.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to General Local Rule 3(a) (E.D. Wis.). The parties have consented to United States magistrate judge

jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On August 3, 2012, the court granted defendants David A. Clarke, Louis E. Elder, and Milwaukee County's ("Milwaukee County defendants") motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, the court determined that the plaintiff's claims are barred by the statute of limitations.

The plaintiff has filed a motion to alter or amend judgment regarding the court's August 3, 2012, decision and order granting the Milwaukee County defendants' motion to dismiss. Additionally, on August 8, 2012, defendants James Bruno, City of Greenfield, and Francis Springob ("Greenfield defendants") filed a motion for judgment on the pleadings. The Greenfield defendants contend that the case should be dismissed as barred by the statute of limitations. These motions are ready for resolution and will be addressed herein.

## **PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

The plaintiff has filed a motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). He seeks reconsideration of the court's August 3, 2012, decision and order dismissing his claims against the Milwaukee County defendants as barred by the statute of limitations. The August 3, 2012, decision and order did not enter final judgment as to defendants Clarke, Elder, and Milwaukee County and, therefore, the plaintiff's motion shall be considered under Rule 54(b), not Rule 59(e).[1] See Fed. R. Civ. P. 54(b); see also, Auto Servs. Co., Inc. V. KPMG, LLP, 537 F.3d 853, 856 (8th Cir. 2008). However, it is a distinction without a difference because the standards of review under Rules 54(b) and 59(e) are virtually identical. See Rothwell Cotton Co. v. Rosenthal

---

[1] Rule 52(b), which provides that, upon motion, the court may amend its findings and/or judgment following a trial to the court, is not applicable. See Fed. R. Civ. P. 52(a), (b).

- 2 -

& Co., 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted).

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co., 827 F.2d at 251 (7th Cir. 1987) (quoting Keene Corp. v. International Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987); Publishers Resource, Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); see also, In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments.").

A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Accordingly, "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." Zurich Capital Markets, Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (citation omitted).

In its August 3, 2012, decision and order, the court determined that the plaintiff's Fourth Amendment and Fourteenth Amendment equal protection claims accrued on

October 31, 2005. (Court's Decision and Order dated August 3, 2012, at 8). Since the plaintiff filed this action after October 31, 2011, this court concluded that his claims are untimely and barred by the six-year statute of limitations.

In his motion for reconsideration, the plaintiff contends that the complaint states a Fifth Amendment due process claim and that the court should have considered that claim when determining the injuries he suffered. He disagrees that the injury suffered was the seizure of his vehicle and appears to argue that the injury occurred at some later date, although he does not specify another date. The plaintiff also contends that the six-year statute of limitations was tolled during his incarceration, pursuant to Wis. Stat. § 893.16.

The Milwaukee County defendants contend that because the plaintiff did not raise either of these legal arguments in response to their motion to dismiss, he waived the arguments. They also contend that the arguments fail on the merits. Specifically, the Milwaukee County defendants argue that the complaint does not purport to state a Fifth Amendment claim and, even if it did, the plaintiff does not explain how this would change the accrual date analysis. They further maintain that there is no legal support for the plaintiff's contention that the statute of limitations was tolled because he was incarcerated.

As an initial matter, the plaintiff's arguments that the court failed to consider a Fifth Amendment claim and that his claims were tolled under Wis. Stat. § 893.16 because he was incarcerated are waived because he did not present these arguments in his response to the defendants' motion to dismiss. See United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010) (citing Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 529 [7th Cir. 2000]); see also, Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). In any event, the arguments are without merit. The plaintiff does not point to any allegations in

the complaint which state a Fifth Amendment claim and, upon review, the court finds none. Moreover, although the plaintiff references Wis. Stat. § 893.16 in support of his assertions that his claims were tolled due to incarceration, the statute is inapplicable. The Wisconsin statute provides tolling to individuals under the age of 18 and those with mental illness. See Wis. Stat. § 893.16. It does not apply to incarcerated persons and the statue of limitations is not tolled for the time period that a person is incarcerated. See id.; see also, Maddox v. Berge, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007).

The plaintiff has not presented any newly discovered evidence, nor has he shown that the court's August 3, 2012, decision and order contained a manifest error of law. Therefore, the plaintiff's motion for reconsideration will be denied.

## **MOTION FOR JUDGMENT ON THE PLEADINGS**

The Greenfield defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 [7th Cir. 1998]); see Fed. R. Civ. P. 12(c). The court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Buchannan-Moore, 570 F.3d at 827.

The Greenfield defendants contend that the plaintiff's claims are barred by the statute of limitations. Their argument follows the court's reasoning in its August 3, 2012, decision and order in which the court determined that the date the plaintiff's Fourth Amendment and Fourteenth Amendment equal protection claims accrued was October 31,

2005. (Court's Decision and Order dated August 3, 2012, at 8). As stated, since the plaintiff filed this action after October 31, 2011, the court determined that his claims are untimely and barred by the six-year statute of limitations.

The plaintiff's arguments in response to the Greenfield defendants' motion mirror those set forth in his motion to alter or amend judgment. That is, he contends that the complaint states a Fifth Amendment claim that the court failed to consider and that time was tolled under Wis. Stat. § 893.16. However, the court has considered and rejected these arguments. The plaintiff's claims are barred by the statute of limitations and, therefore, the Greenfield defendants' motion for judgment on the pleadings will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants Bruno, City of Greenfield, and Springob's motion for judgment on the pleadings be and hereby is **granted**. (Docket #34)

**IT IS FURTHER ORDERED** that the plaintiff's motion to alter or amend judgment be and hereby is **denied**. (Docket #38)

**IT IS ALSO ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of December, 2012.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge